David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York
_____

|  |  |  |
|---|---|---|
| Pauline Joseph, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| - against - | ) | |
| | ) | **Complaint** |
| Compass Two, LLC,  & | ) | |
| FLIK International Corp., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____)

      Plaintiff, complaining of the Defendants by her attorney, David Abrams, Attorney

at Law, respectfully set forth and allege as follows:

**I.**      **Introduction**

1.      This is an action for wages and overtime under the Fair Labor Standards Act and

the New York Labor Law.

**II.**      **Parties**

2.      Plaintiff is a natural person.

3.      Defendant Compass Two, LLC, Incorporated is a foreign business corporation

with a principle place of business in the State of North Carolina.

3a.      Defendant FLIK International Corp. ("FLIK") is a New York business

corporation with a principle place of business in the State of North Carolina.

      **[continued on next page]**

**III.     Venue and Jurisdiction**

4.     The Court has subject matter jurisdiction over this matter in that Plaintiff asserts

claims under federal law and the remaining claims are part of the same case or

controversy.

5.     The Court has personal jurisdiction over the Defendants in that this matter arises

from the Defendants' employment of the Plaintiff at a facility which is located in

Manhattan.

6.     Venue is appropriate in that this matter in the Southern District in that this matter

arises from the Defendants' employment of the Plaintiff at a facility which is located in

Manhattan.

**IV.     Background**

7.     At all times relevant to this complaint, the Defendants (collectively, the

"Employer") jointly operated a food service business.

8.     Plaintiff was employed by the Employer at Grace Church as a food worker in

Manhattan, New York for approximately 20 years until her employment ended in or

about April of 2018.

9.     Plaintiff regularly started work early and finished late but was not paid for the

extra hours, resulting in unpaid overtime work.

10.     For example, during the week ending October 20, 2016, the Employer's records

show her as having started work each day at exactly 7am each day; taking exactly 30

minutes for lunch each day; and working until exactly 3:30pm that day.  In reality, Ms.

Joseph started work at approximately 6:30am and worked until approximately 4:30 or

later, for total unpaid overtime of approximately 7-8 hours per week.

11.     In addition, Plaintiff did not receive proper notification under the Wage Theft

Prevention Act.

**V.      Causes of Action and Demand for Relief**

Count One: Violation of New York Wage & Hour Law

12.     The allegations contained in the preceding paragraphs are incorporated as if

restated herein.

13.     Plaintiff was an employee of the Employer within the meaning of the New York

Minimum Wage Act and accompanying regulations.

14.     The Employer was an employer within the meaning of those same regulations.

15.     The Employer violated the above law and regulations in that it did not properly

compensate Plaintiff for the hours and overtime hours she worked, did not provide

Plaintiff with proper notification.

Count Two: Violation of the Fair Labor Standards Act

16.     The allegations contained in the preceding paragraphs are incorporated as if

restated herein.

17.     According to its web site, the Employer provides food services throughout the

United States, operating at over 400 locations with over 9000 workers.   Thus, its annual

revenue surely exceeds the $500,000 threshold of the Fair Labor Standards Act.

18.     Moreover, the Employer has numerous workers who use the facilities of interstate

commerce.  For example, the Employer maintains an office in Rye Brook, New York and

a tax department in Charlotte, North Carolina, necessitating regular interstate

communication by wire by multiple employees between New York and North Carolina.

WHEREFORE  Plaintiff demands judgment against the Defendants in the amount of her

unpaid back wages, overtime and liquidated damages, in an amount not more than

$100,000.00 including attorneys fees and costs, and such other and further relief that the

Court deems just.

Respectfully submitted,

David Abrams
 Attorney for Plaintiff
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821
Fax     212-897-5811

June 18, 2018
New York, New York