UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAULINE JOSEPH,

Plaintiff,

-against-

COMPASS TWO, LLC, and
FLIK INTERNATIONAL CORP.,

Defendants.

Case No. 18-cv-05446 (SDA)

**SETTLEMENT AGREEMENT AND
RELEASE**

This Settlement Agreement and Release (the "Wage and Hour Agreement") is made by and between Plaintiff Pauline Joseph ("Plaintiff") and Defendants Compass Two LLC and FLIK International Corp. ("Defendants") as of the date(s) set forth below.

**WHEREAS**, Plaintiff and Defendants (collectively, the "Parties") desire to resolve, settle and agree to dismiss with prejudice Plaintiff's claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") which were or could have been raised in the above-captioned action (the "Lawsuit"), without further litigation or adjudication;

**WHEREAS**, Plaintiff's FLSA and NYLL claims shall be dismissed in their entirety, with prejudice, pursuant to the annexed Stipulation and Order of Dismissal with Prejudice to be executed by counsel for Plaintiff and Defendants;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency of which the Parties acknowledge, the Parties agree as follows:

1. **Definition of the Parties**.

   (a)    The term "Plaintiff" is defined to include Pauline Joseph and her present or former spouse(s), dependents, heirs, assigns, successors, creditors, debtors, lienholders, counsel, and any otherwise affiliated or related persons or entities.

   (b)    The term "Defendants" is defined to include Compass Two, LLC, FLIK International Corp., and all presently and formerly affiliated persons or entities, including, but not limited to, any present or former parent corporations, subsidiaries, divisions, affiliated entities, attorneys, insurers, employee benefit plans, purchasers of assets or stocks, investors, insurers, shareholders, successors, assigns, counsel, administrators, creditors, debtors, board members, officers, partners, directors, agents, fiduciaries, representatives, employees (including, but not limited to, present or former co-workers or supervisors of Plaintiff), and any other related persons or entities.

2. **Consideration**: As full settlement and final satisfaction of the FLSA and NYLL claims raised in the Lawsuit, and in consideration for the agreements and obligations set forth in

1

PJ

this Agreement, including but not limited to the release by Plaintiff set forth in Paragraph 3, Defendants shall pay Plaintiff the total sum of Twenty-Two Thousand Five Hundred Dollars and Zero Cents ($22,500.00) (hereinafter, the "Settlement Amount"), payable as follows:

(a)   A check made payable to "Pauline Joseph" in the amount of Seven Thousand Three Hundred Eight Dollars and Seven Cents ($7,308.07), less applicable withholdings and deductions, based on the most recent IRS Form W-4 Defendants have on file for Plaintiff, representing payment for any and all alleged unpaid wages and overtime compensation. Defendants shall issue an IRS Form W-2 with respect to this payment;

(b)   A check made payable to "Pauline Joseph" in the amount of Seven Thousand Three Hundred Eight Dollars and Seven Cents ($7,308.07), representing payment for alleged liquidated damages under the NYLL and FLSA. Defendants shall issue an IRS Form 1099 with respect to this payment; and

(c)   A check made payable to the "David Abrams, Esq." in the amount of Seven Thousand Eight Hundred Eighty-Three Dollars and Eighty-Six Cents ($7,883.86), representing payment for Plaintiff's attorneys' fees, whether those fees and costs were incurred by Mr. Abrams, and/or any other law firm or attorney. Defendants shall issue Mr. Abrams and Plaintiff IRS Form 1099s with respect to this payment, based on IRS Form W-9s submitted to Defendants.

(d)   The checks set forth in Paragraphs (a) through (c), above will be sent to David Abrams, Esq., 305 Broadway, Suite 601, New York, NY 10007, within thirty (30) days of the Court's order approving this Agreement and dismissing the Lawsuit, so long as Plaintiff and Mr. Abrams have provided W-9s to Defendants' counsel.

(e)   Pursuant to Paragraph 6 below, upon execution of this Agreement, the Parties agree to execute the Stipulation and Order of Dismissal with Prejudice, in the form annexed hereto as Exhibit A, which will be filed with the Court along with a Joint Application for Approval of the Settlement Agreement.

3.   **Release of Claims.**  Plaintiff knowingly and voluntarily relinquishes, releases and forever discharges Defendants of and from any and all claims for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees and costs, for any claim brought in this Lawsuit, or that could have been brought under the FLSA, the NYLL, common law and/or any local, state or federal wage statute, code or ordinance, from the beginning of time through the date of this Agreement (hereinafter the "Released Claims").

4.   **Covenant Not to Sue**:  Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement. If Plaintiff breaches this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorneys' fees, relating to the Defendants' enforcement of this Agreement and/or defense of such claims.

5.   **No Interference with Rights**: Plaintiff's release of claims set forth in Paragraph 3 of this Agreement shall not prohibit Plaintiff from filing a charge or complaint with, and/or

2

PJ

participating in any investigation or proceeding conducted by a government agency such as, but not limited to, the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the U.S. or New York Departments of Labor, the New York State Division of Human Rights, the Securities and Exchange Commission, the Occupational Safety and Health Commission, or any other federal, state or local agencies charged with the enforcement of any laws, including providing documents or other information, or from testifying truthfully in any administrative agency, arbitration, or other legal proceeding. Further, nothing in this Agreement shall be construed to interfere with the ability of any federal, state, or local government agency to investigate any such charge or complaint, or Plaintiff's ability to communicate voluntarily with any such agency. However, by signing this Agreement, Plaintiff understands that she is waiving her rights to receive individual relief based on the Released Claims.

6.    **Submission to Court for Approval**:

(a)    The Parties intend for Plaintiff to waive the Released Claims, and therefore desire that this Agreement be approved by the Court in which the Lawsuit is pending. Accordingly, the Parties agree to file a Joint Application for Approval of the Settlement Agreement after full execution of this Agreement.

(b)    Upon execution of this Agreement, the Parties agree to direct their attorneys to promptly execute the Stipulation and Order of Dismissal with Prejudice, in the form annexed hereto as Exhibit A, which will be filed with the Court along with a Joint Motion for Approval of the Settlement Agreement.

(c)    Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder. Failure of the Court to approve this Agreement and enter the Parties' Stipulation and Order of Dismissal with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 2 of the Agreement, and the release in Paragraph 3 shall be ineffective and unenforceable.

7.    **Taxes and Withholding**:  If, for any reason, it is determined by any federal, state or local taxing authority that any portion of the payments set forth in Paragraph 2 should have been subject to further taxation or withholding, Plaintiff agrees that she shall assume all responsibility for the payment of any employee taxes, interest and penalties assessed in connection with the portion paid to her individually or on her behalf, and shall protect, indemnify and hold harmless Defendants from any tax payment, interest and penalties attributable to Plaintiff.

8.    **No Admission of Liability**:  Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by any Defendant under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with her employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

9.    **Bona Fide Dispute**: This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of

PJ

her FLSA and NYLL claims and that the amount being paid to Plaintiff, as indicated in Paragraph 2, is a fair and reasonable resolution to this *bona fide* dispute.

10.     **Changes to the Agreement**: This Agreement may not be changed, altered or amended unless the changes are in writing and signed by all of the Parties or their designees.

11.     **No Other Complaints or Charges**: Plaintiff hereby represents that she has no pending actions, administrative charges or complaints, grievances or arbitrations against Defendants. Moreover, Plaintiff is currently unaware of any claims filed on her behalf against any of the Defendants other than those alleged in the Lawsuit.

12.     **Severability and Enforceability**: If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

13.     **Applicable Law**: This Agreement shall be governed by, interpreted, construed and enforced in accordance with the laws of the State of New York, without regard to its conflict of law principles.

14.     **Interpretation of this Agreement**: The Parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

15.     **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify the terms of the Agreement.

16.     **Voluntary Agreement**: Plaintiff agrees and affirms that:

(a)     She has carefully read all of the provisions of this Agreement;

(b)     She fully understands all of the provisions of this Agreement;

(c)     She was advised and hereby is advised to consider carefully the terms of this Agreement and consult with an attorney prior to executing this Agreement;

(d)     This Agreement is the product of negotiations between Plaintiff's legal counsel and legal counsel for Defendants.

(e)     She has consulted with her attorney of choice before executing this Agreement;

(f)     This Agreement is legally binding, and by signing it, she understands that she is giving up certain rights, including the right to pursue the FLSA and NYLL claims raised in the Lawsuit;

4

PJ

(g)     No promise or representation of any kind or character, beyond the promises expressly stated in this Agreement, has been made by Defendants or by anyone acting on their behalf to induce this Agreement, and in choosing to sign this Agreement, Plaintiff is not relying on any statement from Defendants or by anyone acting on their behalf other than what is stated within this document; and she has not been forced or pressured in any way to sign this Agreement;

(h)     She knowingly and voluntarily agrees to all of the terms set forth in this Agreement, and intends to be legally bound by them.

17.     **Counterparts**: This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it and all of which taken together shall constitute one and the same document. A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

**AGREED:**

**PAULINE JOSEPH**

By: _Pauline Joseph_
      Pauline Joseph

Dated: _08. 07 2019_

**COMPASS TWO, LLC**

By: _____
      Name:
      Title:

Dated: _____


**FLIK INTERNATIONAL CORP.**

By: _____
      Name:
      Title:

Dated: _____

5

PJ

# EXHIBIT A

PJ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAULINE JOSEPH,

                             Plaintiff,

        -against-

COMPASS TWO, LLC, and
FLIK INTERNATIONAL CORP.,

                          Defendants.

Case No. 18-cv-05446 (SDA)

**STIPULATION AND ORDER OF
DISMISSAL WITH PREJUDICE**

       **IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff and Defendants that the parties' Settlement Agreement and Release, having been found to constitute a fair and reasonable compromise of a *bona fide* dispute, this action is dismissed, in its entirety, with prejudice, and with no award of attorneys' fees, costs or disbursements to Plaintiff or Defendants by the Court.

David Abrams
*Attorneys for Plaintiff*
305 Broadway, Suite 601
New York, NY 10007
(212) 897-5821

Shawn Matthew Clark
LITTER MENDELSON, P.C.
*Attorneys for Defendants*
900 Third Avenue
New York, New York 10022
(212) 583-9600

SO ORDERED:

Hon. Stewart D. Aaron
United States Magistrate Judge